IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED ___ ___ ENTERED
LODGED ___ RECEIVED

OCT 31 2008

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____ DEPUTY

Jamesena McElroy                        *
14512 Medwick Road                      *
Upper Marlboro, Maryland 20774          *
        Plaintiff,                      *
                                        *
v.                                      *   Case No.:    AW 08 CV 2906
                                        *
RRR, Bowie, LLC, dba Toyota of Bowie    *
4720 Montgomery Lane, Suite 300         *
Bethesda, MD 20814                      *
        Defendant,                      *   DEMAND FOR JURY TRIAL
                                        *
Toyota of Bowie                         *
16700 Governor Bridge Rd.               *
Bowie, MD 20716                         *
        Defendant,                      *
                                        *
Toyota Certified Service Center at      *
Capital Plaza                           *
6100 Annapolis Rd.                      *
Landover, MD 20784                      *
        Defendant,                      *
Serve on:                               *
The Corporation Trust Incorporated      *
300 E. Lombard St.                      *
Baltimore, MD 21202                     *
Resident Agent                          *
                                        *
CapitalOne Auto Finance                 *
3939 Beltline, Suite 500                *
Dallas, Texas 75244                     *
        Defendant,                      *
Serve on:                               *
CSC-Lawyers Incorporating Service Co.   *
7 St.Paul Street, Suite 1660            *
Baltimore, MD 21202                     *
                                        *
Toyota Motor Credit Corporation         *
d/b/a Toyota Financial Services         *

```
P.O. Box 105386                           *
Atlanta, GA 30348-5386                    *
        Defendant,                        *
Serve on:                                 *
The Prentice-Hall Corporation System,     *
7 St. Paul Street, Suite 1660             *
Baltimore, MD 21202                       *
        Defendant.                        *
                                          *
```

### COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

COMES NOW, the plaintiff Jamesena McElroy, by and through counsel, William C. Johnson, Jr., Esq., seeks a temporary restraining order and preliminary and permanent injunctive relief pursuant to Federal Rules of Civil Procedure, Rule 65. This complaint is filed and these proceedings are instituted under the "Equal Credit Opportunity" provision of the Federal Consumer Credit Protection Act, 15 U.S.C. § 1691 et. seq., and Regulation B, 12 C.F.R. 202.1 et. seq., the Motor Vehicle Information and Cost Saving Act, 49 U.S.C. § 32701 et. seq., hereafter the Federal Odometer Act and MD. Code Ann., Transp. § 22-415 (2002), hereinafter the State Odometer Act, to recover actual, statutory and punitive damages, reasonable attorney's fees and costs from the defendants RRR Bowie, LLC d/b/a/ as Toyota of Bowie and Toyota Certified Service Center of Capital Plaza, Toyota Motor Credit Corporation and CapitalOne Auto Finance. Plaintiff also alleges violations of MD. Code Ann., Transp. §§ 15-312 and Md. Code Ann., Com. Law § 13-101 et. seq.

### JURISDICTION AND VENUE

1. Jurisdiction of this court arises under 28 U.S.C. §§ 1331 and 1337, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

2. This Court has jurisdiction over the defendants named herein because they are corporate entities authorized to do business in Maryland by the State Department of Assessment and Taxation.

3. Venue is proper in this Court because a substantial portion of the transaction complained of herein occurred in the County of Prince Georges. Jurisdiction is vested in this Court pursuant to 15 U.S.C. § 1691e(f).

## PARTIES

4. The plaintiff Jamesena McElroy is a resident of Prince Georges County.

5. The defendant RRR, Bowie, LLC is a regional Corporation authorized to conduct business in the state of Maryland. The defendant's principal offices are located at 4720 Montgomery Lane, Suite 300, Bethesda, MD 20814. The defendant operates businesses under the trade name Toyota of Bowie. The defendant also operates the subsidiary Toyota Certified Service Center of Capital Plaza.

6. The defendant CapitalOne Auto Finance is a Texas Corporation authorized to conduct business within the state of Maryland. The defendant's principal offices are located at 3939 Beltline, Suite 500, Dallas, Texas 75244. The defendant provides financial services and extends credit to consumers for the purchase of goods and services.

7. The defendant Toyota Motor Credit Corporation is a Delaware Corporation authorized to conduct business in the state of Maryland. The defendant's principle offices are located in Atlanta, Georgia. The defendant provides financial services and extends credit to consumers for the purchase of goods and services.

## FACTS

8. The vehicle in question is a 2008 Toyota Solara, Vehicle Identification Number 4T1FA38P28U154736, herein referred to as "the automobile."

9. The defendant RRR, Bowie, LLC d/b/a as defendant Toyota of Bowie is a dealer in new and used automobiles.

10. On or about June 28, 2008, the plaintiff Jamesena McElroy entered negotiation for the purchase of a new automobile from the defendant Toyota Certified Service Center of Capital Plaza.

11. The plaintiff and her ex-husband, Jacqnes Binder were listed as co-applicants despite the plaintiff's request to be the primary purchaser.

12. The plaintiff received a verbal confirmation of the loans approval and was informed that the vehicle she had purchased was being transferred from the Toyota of Bowie location.

13. Plaintiff was informed by the Mark Erbling, Sales Manager of Toyota Certified Service Center of Capital Plaza, the loan was approved by defendant Toyota Motor Credit Corporation d/b/a Toyota Financial Services.

14. The plaintiff was informed that the interest rate was based upon the combined credit scores of both applicants and that her ex-husband would be listed as the primary borrower because of his superior credit score. The defendant issued a "WE OWE" identifying Jacqnes Binder as the primary borrower.

15. The sales agreement was finalized by Art Johnson, Finance Manager of defendant Toyota Certified Service Center of Capital Plaza, with the following terms:

| | |
|---|---|
| Price | $38,057.00 |
| Down Payment | $1000.00 |
| Interest Rate | 8.69% |
| Terms | 75 Months |
| Payment | $661.82 |

16. At the time of purchase, on or about June 28, 2008, defendant Toyota of Bowie provided an "Odometer Disclosure Statement" to the plaintiff. The defendant Toyota of Bowie stated the odometer reading was thirty-one (31) miles and certified that the odometer reading to the best of its knowledge reflected the actual mileage of the automobile sold to the plaintiff.

17. On or about July 1, 2008, the plaintiff, through the assistance of Crystal Johnson, Finance Officer of Toyota Certified Service Center of Capital Plaza, changes the sales agreement to indicate the plaintiff as primary "applicant" and Jack Binder as "co-applicant." The terms of the contract remained unchanged.

4

18. The defendant Toyota Certified Service Center of Capital Plaza issued a "We OWE" listing the plaintiff as the primary purchaser.

19. On or about August 8, 2008, plaintiff was notified by Art Johnson, Finance Manager of defendant Toyota Certified Service Center of Capital Plaza that the original financing had not been approved.

20. The plaintiff did not receive a written notice of the adverse credit decision from the defendant Toyota Motor Credit Corporation.

21. Art Johnson informed the plaintiff that she had to enter a new sales agreement and Contract with CapitalOne Auto Finance.

22. On or about August 18, 2008, the plaintiff entered another contract with the defendant Toyota Certified Service Center of Capital Plaza, with the following terms:

| | |
|---|---|
| Price | $36,000.00 |
| Down Payment | $4000.00 |
| Interest Rate | 12.56% |
| Terms | 72 Months |
| Payment | $717.61 |

23. At the time of third sales agreement, on or about August 18, 2008, defendant Toyota of Bowie provided an "Odometer Disclosure Statement" to the plaintiff. The defendant Toyota of Bowie stated the odometer reading was thirty-one (31) miles and certified that the odometer reading to the best of its knowledge reflected the actual mileage of the automobile sold to the plaintiff.

24. On or about September 8, 2008, Art Johnson, Finance Manager of defendant Toyota Certified Service Center of Capital Plaza, along with General Manager Peter Bond instructed the plaintiff that she must return the vehicle, without return of her down payment.

25. The defendant has employed Thomas Kane to repossess the automobile.

26. The defendant CapitalOne Auto Finance failed to notify the plaintiff of the adverse credit decision not to finance the third sales agreement of August 18, 2008.

## COUNT I   INJUNCTIVE RELIEF

27. The plaintiff incorporates paragraphs 1 through 26 herein.

28. Defendant's conduct constitutes a violation federal and state law. There exists the strong likelihood that Plaintiff will succeed on the merits of his claim.

29. Unless defendant is restrained by this Court from its wrongful repossession in the following described transaction, Plaintiff will suffer immediate, substantial and irreparable injury.

30. The benefits to plaintiff in obtaining injunctive relief are equal to or outweigh the potential harm which defendant would incur if this Court grants the requested injunctive relief.

31. The public interest is best served by granting the injunction.

WHEREFORE, Plaintiff demands:

1. That this Court issue an Order granting Plaintiff a temporary Restraining Order restraining and enjoining Defendant's attempt to repossess the automobile.

2. That this Court issue an Order granting Plaintiff a preliminary injunction restraining and enjoining Defendant's attempt to repossess and sell the automobile.

3. That this Court issue an Order granting Plaintiff a permanent injunction restraining and enjoining Defendant's attempt to repossess and sell the automobile.

4. That plaintiff be granted attorney's fees costs and such other and further relief as this Court may deem just and proper.

## COUNT II VIOLATION OF THE FEDERAL ODOMETER ACT

(Defendants RRR Bowie, LLC, Toyota of Bowie, Toyota Certified Service Center of Capital Plaza) (collectively as "Toyota of Bowie")

32. The plaintiff realleges and incorporates paragraphs 1 through 31 herein.

33. Defendant violated the Federal Odometer Act in one or more of the following respects:

6

  a.) defendant Toyota of Bowie altered or caused to be altered the odometer of the automobile with the intent to change the number of miles indicated thereon in violation of 49 U.S.C. § 32703(2);

  b.) defendant Toyota of Bowie in making odometer disclosures, gave false statements to a transferee in violation of 49 U.S.C. § 32705(a) and 49 C.F.R. § 580.4.

34. Defendant Toyota of Bowie violated the Federal Odometer Act with intent to defraud.

35. Defendant Toyota of Bowie is a transferor within the terms of the Federal Odometer Act.

36. As a result of the above violations of the Federal Odometer Act, the defendant Toyota of Bowie is liable to the plaintiff Jamesena McElroy in the sum of three times her actual damages or $1,500.00, whichever is greater, and attorney's fees and costs.

**WHEREFORE**, the defendants are liable to the plaintiff for:

  a.) actual damages of per violation $5,000.00 pursuant to Motor Vehicle Information and Cost Saving Act, 49 U.S.C. § 32701 et. seq.;

  b.) reasonable attorney's fees and costs pursuant to Motor Vehicle Information and Cost Saving Act, 49 U.S.C. § 32701 et. seq.

  c.) Any relief deemed necessary and proper.

## COUNT III VIOLATION OF THE STATE ODOMETER ACT

(Defendants RRR Bowie, LLC, Toyota of Bowie, Toyota Certified Service Center of Capital Plaza) (collectively as "Toyota of Bowie")

37. The plaintiff realleges and incorporates paragraphs 1 through 36 herein.

38. Defendant violated the State Odometer Act in one or more of the following respects:

7

  a.)  defendant Toyota of Bowie altered or caused to be altered the odometer of the automobile with the intent to change the number of miles indicated thereon in violation of 49 U.S.C. § 32703(2);

  b.)  defendant Toyota of Bowie in making odometer disclosures, gave false statements to a transferee in violation of MD. Code Ann., Transp. § 22-415 (2002).

39. Defendant Toyota of Bowie violated the State Odometer Act with intent to defraud.

40. Defendant Toyota of Bowie is a transferor within the terms of the Federal Odometer Act.

41. As a result of the above violations of the State Odometer Act, the defendant Toyota of Bowie is liable to the plaintiff Jamesena McElroy in the sum of three times her actual damages or $1,500.00, whichever is greater, and attorney's fees and costs.

**WHEREFORE**, the defendants are liable to the plaintiff for:

  a.)  actual damages of per violation $5,000.00 pursuant to MD. Code Ann., Transp. § 22-415 et. seq.;

  b.)  reasonable attorney's fees and costs pursuant to MD. Code Ann., Transp. § 15-213 et. seq.

  c.)  Any relief deemed necessary and proper.

## COUNT IV VIOLATION OF EQUAL CREDIT OPPORTUNITY ACT
### (All Defendants)

42. The plaintiff realleges and incorporates paragraphs 1 through 41 herein.

43. Plaintiff is a African-American female engaging in a sales and credit transaction with the defendants.

44. Defendants regularly extend, renew, or continue credit, arrange for the extension, renewal, or continuation of credit, or participate in the decision of whether or not to extend credit.
45. Defendants failed to provide plaintiff with written notification in connection with the credit application as required by § 202.9(a)(2) of Regulation B.
46. Defendant violated the Equal Credit Opportunity Act (ECOA) in one or more of the following respects:
    - a.) defendant Toyota of Bowie engaged in a "spot delivery" and failed to provide the ECOA notice of credit denial in violation of 15 U.S.C. § 1691 et. seq., and Regulation B, 12 C.F.R. 202.1 et. seq.;
    - b.) defendant Toyota of Bowie engaged in a "counter-offer" and failed to provide the ECOA notice of "counter-offer" violation of 15 U.S.C. § 1691 et. seq., and Regulation B, 12 C.F.R. 202.1 et. seq.
47. As a proximate result of Defendants' violations of ECOA and regulation B, plaintiff has suffered actual damages of $5,000.00 for her embarrassment, humiliation, mental distress and inconvenience and defendants are liable therefore, pursuant to § 706(a) of the ECOA Act. 15 U.S.C. 1691e(a).
48. The acts complained of herein were done by defendants intentionally, purposefully, and/or in reckless disregard of the rights of plaintiff.

WHEREFORE, the defendants are liable to the plaintiff for:
- a.) actual damages of $5,000.00 pursuant to § 706(b) of the Act, 15 U.S.C. § 1691e(b) per violation;
- b.) statutory punitive damages in the amount of $10,000.00 pursuant to § 706(b) of the Act, 15 U.S.C. § 1691e(b) per violation;
- c.) reasonable attorney's fees and costs pursuant to § 706(d) of the Act, 15 U.S.C. § 1691e(b)

## COUNT V VIOLATION OF MD. CODE ANN., TRANSP. §§ 15-312

### (Defendants RRR Bowie, LLC, Toyota of Bowie, Toyota Certified Service Center of Capital Plaza) (collectively as "Toyota of Bowie")

49. The plaintiff realleges and incorporates paragraphs 1 through 48 herein.

50. The plaintiff is authorized to pursue this claim pursuant to Md. Code Ann., Transp., § 15-213.

51. Defendant violated the Transportation section of the Maryland Code in one or more of the following respects:

   a.) defendant made a material misrepresentation in obtaining the vehicle sales contract in violation of Md. Code Ann., Transp., § 15-312(b);

   b.) defendant committed fraud and/or made material misrepresentation of the retail installment contracts or other documents incident to the sales transactions in violation of Md. Code Ann., Transp., § 15-312(c);

   c.) defendant prepared and accepted a promissory note or other evidence of indebtedness on the vehicle sales contract knowing that it requires the debtor to pay an amount greater than that agreed on in the written contract for the sale of the vehicle. Md. Code Ann., Transp., § 15-312(d);

52. The acts complained of herein were done by defendants intentionally, purposefully, willfully and/or in reckless disregard of the rights of plaintiff.

WHEREFORE, the defendants are liable to the plaintiff for:

   a.) actual damages of per violation $5,000.00 pursuant to Md. Code Ann., Transp., § 15-213;

   b.) reasonable attorney's fees and costs pursuant to Md. Code Ann., Transp., § 15-213.

   c.) Any relief deemed necessary and proper.

## COUNT VI UNFAIR TRADE PRACTICES
### (All defendants)

53. The allegations of paragraphs 1-52 above are realleged and incorporated herein by reference.

54. The defendants committed unfair and deceptive acts or practices in violation of the Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al. including but not limited to one or more the following:

- a.) Altering or causing to be altered the odometer on the automobile with the intent to change the number of miles indicated thereon in violation of Md. Code Ann., Transp., § 22-415;
- b.) Altering or causing to be altered the odometer on the automobile with the intent to change the number of miles indicated thereon in violation of 49 U.S.C. § 32703(2);
- c.) Giving false statements to a transferee in making odometer disclosures in violation of 49 U.S.C. § 32705(a) and 49 C.F.R. § 580.4;
- d.) defendant made a material misrepresentation in obtaining the vehicle sales contract in violation of Md. Com. Law Code Ann. § 13-101 et al.;
- e.) defendant committed fraud and/or made material misrepresentation of the retail installment contracts or other documents incident to the sales transactions in violation of Md. Com. Law Code Ann. § 13-101 et al.;
- f.) defendant prepared and accepted a promissory note or other evidence of indebtedness on the vehicle sales contract knowing that it requires the debtor to pay an amount greater than that agreed on in the written

contract for the sale of the Md. Com. Law Code Ann. § 13-101 et al.;

55. The acts complained of herein were done by defendants intentionally, purposefully, willfully and/or in reckless disregard of the rights of plaintiff.

WHEREFORE, the defendants are liable to the plaintiff for:

- a.) Actual damages to the plaintiff per violation;
- b.) Ordering defendant to refund to the plaintiff all monies collected pursuant to its actions and policies and practices;
- c.) Awarding actual and treble damages pursuant to Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al.;
- d.) reasonable attorney's fees and costs pursuant to Consumer Protection Act, Md. Com. Law Code Ann. § 13-101 et al.;
- e.) Granting any relief deemed necessary and proper.

Dated October 16, 2008

Bynum Johnson, PLLC
William C. Johnson, Jr., Esq.
Bar No. 15651
1229 15th St. NW
Washington, D.C. 20005
(202) 483-0808
Attorney for Plaintiff